The Law Office of

# Treyvus & Konoski, P.C.

**Attorneys and Counselors at Law**

305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832
Fax: (718) 668-1094

July 15, 2015

Attn: Judge Torres
UNITED STATES DISTRICT COURT
500 Pearl Street
New York, NY 10007

      Re:     Summerville v. City of NY, 14-cv-08097

Dear Judge Torres:

      I am writing this letter for further clarification on the liability and service issue concerning Mr. Colon (the retired police officer).

      First and foremost, it was my recollection that I was advised to serve Mr. Colon through the NYPD at 1 Police Plaza *because* he was retired. This was at the direction of the Corporation Counsel's Office. Otherwise, I would have had him served at the precinct where he works.

      Secondly, the Amended Complaint has pled the "joint action" test for finding Mr. Colon liable under 42 USC § 1983. Subsequent to the initial conference in this case, I was able to locate case law to stand for the proposition that a retired police officer, who is not actively employed by the City of New York, may still be liable under 42 USC § 1983 under what is called the "joint action" test. See Wong v. Yoo, 649 F.Supp.2d 34 (EDNY 2009).

      The City had advised the Court that because Mr. Colon is retired they cannot represent him. The Plaintiff's belief is that is incorrect – especially now since the complaint has adequately pled the "joint action" test. General Municipality Law § 50-K states that "the term employee shall include a former employee, his estate or judicially appointed personal representative." (Sec. 1(e)). In this case, it is our position (1) that because of the "joint action" test, Mr. Colon is not a "former" employee but, under the law, is a "current" employee; or (2) even if Mr. Colon is a "former" employee under § 50-K, the City is obligated to represent and indemnify him in a case such as this where he was acting in the capacity of a police officer and is liable under § 1983.

      General Municipality Law § 50-K states that "the city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court [. . .]." Because Mr. Colon is liable under the "joint actor" test of 42 USC § 1983, it is Plaintiff's position that he was acting within the scope of public employment and in the discharge of his duties and, therefore, must be indemnified by the City.

The Plaintiff has no objections to giving the City time to locate Mr. Colon and notify him of this lawsuit.

However, in the event that Mr. Colon continues to default in this matter the Plaintiff would like a motion schedule to enforce the default and to request an Order requiring the City of New York to pay any judgment.

Please note that if the Court schedules any court conferences or court appearances, I will be away for from August 1 through the first week in September and will be unavailable during that time period.

Sincerely,

/S/ Bryan Konoski (BK7563)

BRYAN KONOSKI