UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL SUMMERVILLE,                           DKT#:  14-CV-8097

                 Plaintiff,           **SECOND AMENDED COMPLAINT**

   - against -                                 **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                          **ECF CASE**
P.O. RICARDO COLON,
P.O. VERAS (Badge # 13791),
P.O. VEGA (Badge # 27728),
P.O. KELVIN GUILLEN (Badge # 1542),
SGT. VICTOR GENAO (Badge # 4018),
and Police Officers "JOHN DOE" #1-10, individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently unknown),

                Defendant.
------------------------------------------------------------------------x

      Plaintiffs, MICHAEL SUMMERVILLE, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MICHAEL SUMMERVILLE, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. RICARDO COLON, P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## **FACTS**

13. The Plaintiff was at Mount Saint Michael Academy at 4300 Murdock Avenue in the County of Bronx on September 17, 2014 from approximate 7:00 p.m. to 8:45 p.m.

14. The Plaintiff is a referee for the Metropolitan Football Officials Association. The Plaintiff was at Mount Saint Michael Academy for a Referee meeting.

15. As the Plaintiff left the class he was walking towards his motorcycle.

16. As the Plaintiff was walking towards his motorcycle he heard a person yell at him to "put your hands up!".

17. The Plaintiff turned and saw a Hispanic male in plain clothes. He also saw an unknown female that appeared to be with male.[1] The male, who later identified himself as P.O. RICARDO COLON, drew a firearm and pointed it at the Plaintiff's face as he continued to shout, "put your hands up!"

18. P.O. RICARDO COLON ordered the Plaintiff to stand up against a nearby wall. The order was given while P.O. RICARDO COLON was pointing the firearm at Plaintiff's face.

19. P.O. RICARDO COLON aggressively and violently grabbed the Plaintiff and placed him in handcuffs.

---

[1] It is currently unclear whether this female was, or was not, a police officer. Her status as a police officer is subject to further discovery.

20. P.O. RICARDO COLON handcuffed the Plaintiff tightly, which caused the Plaintiff significant pain and discomfort, as well as swelling and bruising.

21. P.O. RICARDO COLON refused to loosen the handcuffs at Plaintiff's request.

22. At first, while initially ordering the Plaintiff to put his hands up, and while pointing a firearm at Plaintiff's face, P.O. RICARDO COLON did not identify himself as a police officer.

23. At one point during the detention of the Plaintiff, P.O. RICARDO COLON identified himself as an active police officer.  P.O. RICARDO COLON showed the Plaintiff a rectangular identification card that was shaped similar to a driver's license.  The identification had an imprinted shield and corroborated that P.O. RICARDO COLON was a law enforcement officer.

24. The Plaintiff asked why he was being arrested.  P.O. RICARDO COLON responded, "you'll find out when the cops come" and "you know what you did".

25. P.O. RICARDO COLON physically held the Plaintiff in place by the handcuffs.  The Plaintiff was not free to leave.

26. P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, arrived on the scene.

27. P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), and P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), P.O. "JOHN DOE" # 1-10, arrived on the scene approximately 20 minutes after the Plaintiff was taken into custody and subjected to an arrest and/or *defacto* arrest by P.O. RICARDO COLON.

28. Upon arrival, P.O. RICARDO COLON informed P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, that the Plaintiff was in possession of P.O.

RICARDO COLON's stolen motorcycle.

29. The Plaintiff was not in possession of P.O. RICARDO COLON'S stolen motorcycle. The Plaintiff was the lawful owner of his motorcycle.

30. P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, kept the Plaintiff in handcuffs for a period of time while they were at the scene.

31. The handcuffs were removed from the Plaintiff when one of the Defendant police officers asked the Plaintiff for his identification.

32. P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, checked the Plaintiff's license and registration, and inspected the motorcycle. They determined that the Plaintiff's registration was appropriate and they did not identify the motorcycle as having been stolen.

33. The Plaintiff repeatedly asked the Defendant police officers if he was free to leave. He was repeatedly told by the Defendant police officers that he could not leave the scene.

34. The Plaintiff repeatedly asked the Defendant police officers if he was free to leave after they determined that the Plaintiff was not in possession of a stolen motorcycle. However, the Defendant police officers still informed the Plaintiff that he was not free to leave the scene.

35. Despite determining that the Plaintiff's motorcycle was not stolen, P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, did not immediately release the Plaintiff from custody. Thus, the Plaintiff remained in custody and was continuously subjected to an arrest and/or *defacto* arrest by P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728),

P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10. The continued arrest and/or *defacto* arrest was without probable cause.

36. P.O. RICARDO COLON subjected the Plaintiff to an arrest and/or *defacto* arrest without probable cause.

37. P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, subjected the Plaintiff to an arrest and/or *defacto* arrest without probable cause.

38. The Plaintiff was in custody for approximately 1 hour in total.

39. The Plaintiff was in custody for approximately 40 minutes after P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, arrived on the scene.  It is estimated that The Defendant police officers continued to hold the Plaintiff in custody, and restrain his liberty, and prevent him from leaving the scene, for approximately 20 to 30 minutes after determining that the motorcycle was not stolen.  The Defendant police officers did not have probable cause or any reasonable suspicion to continue to detain the Plaintiff after determining that the motorcycle was not stolen.  However, the Defendant police officers continued to subject the Plaintiff to an illegal and unjustified detention.

40. The arrest and/or *defacto* arrest of Plaintiff, and continued detention of Plaintiff, by P.O. RICARDO COLON, P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728), P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, as described in this complaint, was all without probable cause.

41. After the Plaintiff was held in custody and in handcuffs for approximately 1 hour, one of the Defendant Police Officers informed the Plaintiff that it was all a "misunderstanding" and

that the was free to leave.  The Plaintiff was released from custody.  He left the scene with his motorcycle.

42. To the extent that P.O. RICARDO COLON is or may be a retired police officer at the time of the incident described herein, P.O. RICHARDO COLON, P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728) P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, each acted in concert together, and were joint participants together, in the actions that resulted in the unlawful detention of the Plaintiff.

43. To the extent that P.O. RICARDO COLON is or may be a retired police officer at the time of the incident described herein, P.O. RICHARDO COLON, P.O. VERAS (Badge # 13791), P.O. VEGA (Badge # 27728) P.O. KELVIN GUILLEN (Badge # 1542), SGT. VICTOR GENAO (Badge # 4018), and P.O. "JOHN DOE" # 1-10, are each jointly and severally liable for the various federal law causes of action set forth herein pursuant to 42 USC § 1983 under the "joint action" test.  See Wong v. Yoo, 649 F.Supp.2d 34 (EDNY 2009).

44. As a result of the foregoing, plaintiff sustained, inter alia, physical pain and injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

47. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

50. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

53. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

54. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of

time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, physical pain and injury, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of his person without any probable cause, privilege, or consent.

57. The Plaintiff was taken into custody for an unreasonable length of time and in an unreasonable manner in violation of Terry v. Ohio, 392 US 1 (1968) and its progeny.

58. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, physical pain and injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**FOURTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C § 1983**

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. That the level of force employed by defendants was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

62. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop of the Plaintiff.

65. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

67. The aforementioned customs, polices, usages, practices, procedures, and rules of

THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

      (a) Failing to properly train, in general;
      (b) Failing to supervise police officers;
      (c) Subjecting persons to violations of their constitutionally protected rights;
      (d) Subjecting persons to excessive force.
      (e) Subjecting persons to false arrest.

68. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

69. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

71. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**PENDENT STATE LAW CLAIMS**
**AGAINST RICARDO COLON IN HIS INDIVIDUAL CAPACITY**

**FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW**
**ASSAULT**

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The actions of Defendant, RICARDO COLON, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

74. As a result of defendant's conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75. In light of the fact that a notice of claim was not filed in connection with this lawsuit, RICARDO COLON, is named as a defendant under this count in his individual capacity. This claim is being brought as an alternative theory of liability as against RICARDO COLON, in addition to the claims brought under 42 USC § 1983 set forth above.

**SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW**
**BATTERY**

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendant, RICARDO COLON, touched plaintiff in a harmful and offensive manner.

78. Defendant did so without privilege or consent of plaintiff.

79. As a result of defendant's conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. In light of the fact that a notice of claim was not filed in connection with this lawsuit, RICARDO COLON, is named as a defendant under this count in his individual capacity.

This claim is being brought as an alternative theory of liability as against RICARDO COLON, in addition to the claims brought under 42 USC § 1983 set forth above.

### THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. The aforementioned conduct of the defendant, RICARDO COLON, was extreme, outrageous, and exceeded all reasonable bounds of decency.

83. The aforementioned conduct was intentional and done for the sole purpose of causing extreme emotional distress to the plaintiff.

84. As a result of defendant's conduct, plaintiff has suffered severe emotional distress, physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation, and loss of freedom.

85. In light of the fact that a notice of tort claim was not filed in connection with this

86. In light of the fact that a notice of claim was not filed in connection with this lawsuit, RICARDO COLON, is named as a defendant under this count in his individual capacity. This claim is being brought as an alternative theory of liability as against RICARDO COLON, in addition to the claims brought under 42 USC § 1983 set forth above.

### FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### FALSE ARREST AND FALSE IMPRISONMENT

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiff was arrested and detained without just cause, provocation, probable cause, or

any valid reason, by RICARDO COLON, in addition to other New York City Police Officers who are sued under 42 USC § 1983, as set forth above.

89. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

90. In light of the fact that a notice of claim was not filed in connection with this lawsuit, RICARDO COLON, is named as a defendant under this count in his individual capacity. This claim is being brought as an alternative theory of liability as against RICARDO COLON, in addition to the claims brought under 42 USC § 1983 set forth above.

### FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### NEGLIGENCE

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. The defendant RICARDO COLON owed a duty to use due care at or about the times of the aforementioned incident.  Such due care necessary under the circumstances included, but was not limited to, ensuring that the Plaintiff had actually committed a crime, ensuring that the motor cycle in question was actually the motor cycle owned by the Defendant, refraining from handcuffing and restricting the liberty and movement of the Plaintiff without having first thoroughly investigated whether the Plaintiff had engaged in criminal conduct, and refraining from pointing a loaded firearm at the Plaintiff without having first thoroughly investigated whether the Plaintiff had engaged in criminal conduct.

93. In committing the aforementioned acts and/or omissions, RICARDO COLON breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the plaintiff as alleged herein.

94. In light of the fact that a notice of claim was not filed in connection with this lawsuit, RICARDO COLON, is named as a defendant under this count in his individual capacity. This claim is being brought as an alternative theory of liability as against RICARDO COLON, in addition to the claims brought under 42 USC § 1983 set forth above.

## DAMAGES AND RELIEF REQUESTED

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. All of the foregoing acts by defendants deprived the Plaintiff of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To be free from the excessive use of force;

   E. To receive equal protection under the law.

97. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
　　　　February 14, 2016　　　　　　　　　　　　　/s/ Bryan Konoski
　　　　　　　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　　　　　　BRYAN KONOSKI (BK7563)
　　　　　　　　　　　　　　　　　　　Treyvus & Konoski, P.C.
　　　　　　　　　　　　　　　　　　　*Attorney(s) for the Plaintiff*
　　　　　　　　　　　　　　　　　　　305 Broadway, 14th Floor
　　　　　　　　　　　　　　　　　　　New York, NY 10007
　　　　　　　　　　　　　　　　　　　(212) 897-5832